IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JONATHAN EDWARD HOUSE #11974-078 | § | |
| v. | § | CIVIL ACTION NO. 9:11cv144 |
| | | Crim. No. 9:04cr22 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Movant Jonathan House, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

House was charged with three counts of being a felon in possession of a firearm. He was originally sentenced to 180 months in prison under the Armed Career Criminal Act, but the Fifth Circuit subsequently determined that the ACCA did not apply. House was re-sentenced to 120 months in prison, followed by three years of supervised release. He appealed this sentence, but later moved to dismiss the appeal.

House subsequently filed a motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining that he received two sentencing enhancements for the same conduct, he received ineffective assistance of counsel when his attorney did not object to this "double-counting," and he was denied the right to examine the pre-sentence investigation report at his sentencing, to which his attorney did not object. House raised additional issues in his response to the Government's answer, including assertions that he was improperly sentenced by the same district judge, he received

1

ineffective assistance of counsel during the original sentencing, and the pre-sentence investigation report contained errors.

The Government initially argued that House's motion to vacate was successive, but the Court rejected this contention based upon Magwood v. Patterson, 130 S.Ct. 2788 (2010). The Government then answered House's claims on the merits. House filed a response to this answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that House's motion to vacate or correct sentence be denied. The Magistrate Judge concluded that House's claims were barred by the waiver of appeal provision in his plea agreement and that these claims also failed on the merits. Specifically, the Magistrate Judge noted that the Fifth Circuit has specifically rejected House's double-counting claim and that the Tenth Circuit decision on which House relies, U.S. v. Rowlett, 23 F.3d 300 (10th Cir. 1994) was later overruled. *See* United States v. Luna, 165 F.3d 316, 323 (5th Cir. 1999). The Magistrate Judge also determined that House did not receive ineffective assistance of counsel because a double-counting objection would have been meritless and that House did not show harm from the fact that he did not get to review the pre-sentencing report in detail during the sentencing proceeding.

Although House raised new issues in his response to the answer, the Magistrate Judge stated that new issues could not be raised in such responses. The Magistrate Judge also determined that these issues lacked merit on their face. The Magistrate Judge further recommended that House be denied a certificate of appealability *sua sponte*.

House filed a motion for extension of time in which to file objections to the Magistrate Judge's Report, and this motion was granted to November 5, 2012. However, House has failed to file any objections to the Report despite having more than ample time in which to do so. Nor has the Government filed any objections. Accordingly, the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions

accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 34) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Movant Jonathan House is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** on December __20__, 2012.

_____
Ron Clark
United States District Judge